SUSANNA BIXBY BRYANT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 89052. Promulgated September 27, 1938.

*Thomas R. Dempsey, Esq., A. Calder Mackay, Esq.,* and *Arthur Mcgregor, Esq.,* for the petitioner.
*T. M. Mather, Esq.,* for the respondent.

OPINION.

MELLOTT: The Commissioner made several adjustments in recomputing petitioner's tax liability for the year 1935, which resulted in the determination of a deficiency in income tax in the amount of $10,465.22. The only adjustment in controversy is the addition to taxable income of the amount of $18,130.14 representing interest received on improvement bonds issued by the City of Los Angeles and the County of Los Angeles, California, which the petitioner claims is exempt from taxation under section 22 (b) (4) of the Revenue Act of 1934.

The facts were presented in a written stipulation. Those pertinent to the issue involved are as follows:

The petitioner during 1935 received interest on bonds issued by the City of Los Angeles, and the County of Los Angeles, in the State of California, as follows:

| | |
|---|---:|
| From bonds issued under the Improvement Act approved February 27, 1893 | $679.46 |
| From bonds issued under the Improvement Act approved April 7, 1911 | 14,504.61 |
| From bonds issued under the Improvement Act approved June 16, 1913 | 125.25 |
| From bonds issued under the Improvement Act approved June 3, 1921 | 4,523.40 |
| | [*sic*] $19,932.72 |
| Add: | |
| Bonus on overpayment and penalties | 1,486.20 |
| Unallocated Interest | 12.76 |
| | $21,331.68 |
| Less: Service fees, costs of audits, etc | 3,201.54 |
| Net amount received by petitioner | $18,130.14 |

In *Milo W. Bekins et al., Executors,* 38 B. T. A. 604, this date promulgated, we discussed at length the contention of the taxpayer that the bonds issued under the California Improvement Act of 1911 and bonds issued under the California County Improvement Act of 1921 were exempt from the income tax under the above section. In holding that they were not we pointed out that they are merely liens against the particular lots or parcels of land described in each sep-

arate bond; that no security is back of any bond other than such lien; that the bonds provide upon their face that they are payable exclusively from the fund paid to the city treasurer by the owner of the property upon which they are a lien; and that in no event is the issuing municipality or any of its officers "to be holden for payment." It is unnecessary to repeat any of the discussion here. For the reasons set out in the *Bekins* case it must be, and it is, held that the Commissioner did not err in including in petitioner's income for the year 1935 the interest received by her upon the bonds issued under the provisions of those acts.

### Bonds Issued Under the Improvement Act Approved February 27, 1893.

The above act (Act 8208, General Laws of California, 1931, Deering) authorizes the governing body of a city to issue serial bonds to represent assessments of twenty-five dollars or more for "street work" which means "work upon streets, lanes, alleys, courts, places, and sidewalks, and for construction of sewers within municipalities."

We set out in the margin a copy of one of the bonds [1] owned by petitioner and issued under this act, which is in the amount of $945.09 and is a first lien upon "Lot 7, Block 45, The Town of San Pedro."

---

[1] SERIES Three

BEACON

And Portions of Other Streets

$945 and 09/100 STREET IMPROVEMENT BOND No. 16

In the City of Los Angeles

County of Los Angeles State of California

Under and by virtue of an Act of the Legislature of the State of California, entitled "An Act to provide a system of street improvement bonds to represent certain assessments for the cost of street work and improvement within municipalities, and also for the payment of such bonds, Approved February 27th, 1893, and Acts Amendatory thereof, I, out of the fund for the above designated Street Improvement Bond, Series Number Three will pay to FAIRCHILD-GILMORE-WILTON Co. or order, the sum of Nine hundred Forty Five and 09/100 Dollars ($945 and 09/100) with interest at the rate of seven per centum per annum, all as hereinafter specified, and at the office of the Treasurer of the City of Los Angeles, State of California.

This bond is issued to represent the cost of certain street work upon

BEACON Street and portions of other Streets

in the City of Los Angeles, as the same is more fully described in Assessment number 2682, issued by the Street Superintendent of said City of Los Angeles, after his acceptance of said work, and recorded in his office. Its amount is the amount assessed in said Assessment against the lot or parcel of land numbered therein, and in the diagram attached thereto, as Number 212 , and which now remains unpaid, but until paid, with accrued interest, is a first lien upon the property affected thereby, as the same is described herein, and in said recorded Assessment with its diagram, to wit: that lot or parcel of land in said City of Los Angeles, County of Los Angeles, State of California, described as follows:

Lot 7, Block 75, The Town of San Pedro

Misc. Records of Los Angeles, County Book 84, pages 81 to 84, inclusive

This bond is payable exclusively from said fund, and neither the municipality nor any officer thereof is to be holden for payment otherwise for its principal or interest. The term of this bond is NINE Years from the 2nd day of January next succeeding its date, and at the expiration of said time the whole sum then unpaid shall be due and payable, but on the second day of January of each year after its date, an even annual proportion

The bond is in substantially the form provided by section 4 of Act 8208, *supra.*

We also set out in the margin the portion of section 5 [2] of the act, including subdivision a, which states the procedure to be followed by

of its whole amount is due and payable upon presentation of the Coupon therefor until the whole is paid, with all accrued interest at the rate of seven per centum per annum.

The interest is payable semi-annually, to wit: on the second days of January and July in each year hereafter, upon presentation of the coupons therefor the first of which is for the interest from date to the next second day of JANUARY and thereafter the interest Coupons are for semi-annual interest.

Should default be made in the annual payment upon the principal or in any payment of interest, by the owner of said lot or parcel of land, or any one in his behalf, the holder of this bond is entitled to declare the whole unpaid amount to be due and payable, and to have said lot or parcel of land advertised and sold forthwith, in the manner provided by law.

At said City of Los Angeles, this FOURTEENTH day of AUGUST In the year one thousand nine hundred AND TWENTY-THREE

> *Treasurer of the City of Los Angeles, California.*

[2] 5. Failure to pay interest and principal on bonds as due. Whenever payment either upon the principal, or of the interest upon any bond issued hereunder has not been, or shall not be made when the same has become or shall become due, and the holder of the bond demands in writing that the city treasurer proceed to advertise and sell the lot or parcel of land described in said bond as being that upon which the assessment represented by said bond was levied, then said treasurer shall proceed as follows:

*Subdivision a. Publication of notice of delinquency.* He shall publish for two (2) weeks in a newspaper of general circulation, published in the city in which said bond was issued, or if no newspaper is published in said city, then in some newspaper having general circulation therein, a notice which shall be substantially (filling in all blanks) as indicated following, to wit:

"Notice of sale of property delinquent for nonpayment of bond No. , series No. , issued for the improvement of .

Default having been made in the payment of the following named coupons (here fill in date and amounts of the coupon or coupons which have not been paid) and the holder of said bond having demanded in writing that the city treasurer of the city of , proceed to advertise and sell the lot or parcel of land mentioned in the said bond.

Now, therefore, I give notice that I will on the day of , 19 , at the hour of o'clock M. of said day, sell at public auction the lot or parcel of land mentioned in said bond, or so much thereof as may be necessary at (here state the place of sale, which shall be at the office of said treasurer or at some public place in said city) unless the amount due on said bond and the accrued interest thereon together with the cost of the publication of this notice are paid; and that I will so sell the same to the person who will take the least amount of said lot or parcel of land and pay a full amount of unpaid principal and interest on said bond, together with costs of publication. The lot or parcel of land mentioned in said bond and to be sold, is more particularly described, to wit: (here set forth the description of the lot or parcel of land as contained in the bond). The amount due on said bond up to the date of this notice is as follows: Due on the principal thereof, dollars; due on account of interest, dollars. (Here set forth the interest calculated up to the day on which the notice is dated at the interest rate named in said bond upon the unpaid principal for the full period for which no interest has been paid.) Total amount due on said bond: (here set forth the total of the foregoing items):

In order to avoid this sale, payment of the total amount above named will be required together with the cost of publications made before such payment and the additional interest accruing up to the date of payment:

In the event of sale, such sale will include interest in addition to the above total amount due accruing up to date of sale, the cost of publication of notice of sale, and one dollar for the issuing of certificate of sale. The (here naming newspaper) is designated as the newspaper in which this notice shall be published.

Dated . .

> *Treasurer of the city of ."*

The day named in the notice shall not be less than fifteen (15) days from the date of the first publication of the notice.

the owner of a bond in the event default is made in payment. Succeeding subdivisions of the same paragraph provide for the filing of an affidavit of publication and for the collection by the city treasurer of the cost of sale; authorize any person interested in the lot to make payment and avoid having the property sold; require the city treasurer to keep certain records; and provide that redemption may be made "by the owner of the property, or any party in interest" within twelve months of the sale. If the property is not redeemed within such period the treasurer "must make to said purchaser, or his assignee, a deed to the property," which "conveys to the grantee the absolute title * * * except the lien for state, county, and municipal taxes."

It is apparent from an examination of the above act, and of the bonds issued under it, that such bonds are not "obligations of a political subdivision" of the State of California. *Milo W. Bekins et al., Executors, supra*, and cases therein cited. We hold, therefore, that the respondent did not err in including in petitioner's income for the year 1935 the interest received upon them.

*Bonds Issued under Improvement Act Approved June 16, 1913.*

The title of the above act was amended May 26, 1917, to read as follows:

Act 8205.—An act to provide for the establishment and change of grade of public streets, lanes, alleys, courts, places and rights of way, and of any of the following avenues of public travel, namely, tunnels, subways, viaducts, bridges or independent subterranean ways in municipalities and providing for the construction or improvement thereof, in cases where any damage to private property would result from such improvement, and for the assessment of the costs, damages and expenses thereof upon the property benefited thereby, and to provide a system of local improvement bonds to represent the assessments for the costs, damages and expenses of such improvement, and for the payment and effect of such bonds.

The act is shown in full in Act 8205 of the General Laws of California, 1931, Deering. For the purposes of this proceeding it is sufficient to state that it is substantially as indicated by its title.

The form of bond (§ 25) is similar to that set out in the margin in *Milo W. Bekins et al., Executors, supra*, in the portion of the opinion devoted to a discussion of the bonds issued under the California Improvement Act of 1911. Under this act the city treasurer makes out and signs "a separate bond representing upon each lot or parcel of land * * * the total amount of the assessment." It is payable exclusively from the fund paid to the treasurer by the owner of the lot "and neither the city nor any officer thereof is to be holden otherwise for its principal or interest." It is "a lien upon the lot described in such bond superior to all other liens, charges and encumbrances,

except the liens of prior assessment and of municipal, state and county taxes."

The act also contains provisions for the appointment of a commission "to estimate the damages caused by said proposed improvement and to assess the same" (§ 6); authorizes the amounts assessed to be paid over to the owner "when sufficient money is in the hands of the city treasurer in the special fund devoted to the proposed improvement * * *" (§ 20); prescribes the procedure to be followed in the event the owner refuses to accept the amount awarded (§ 21); provides that the bonds "shall take the place of and have the same force, validity and effect as assessment liens that the assessments would have had if no bonds had been issued" (§ 28); and authorizes "the owner of any property assessed, to whom damages have been awarded" to take such bonds, or any of them, "in lieu of, or in satisfaction *pro tanto* of such damages" (§ 31).

In the event of default in the payment of principal or interest the treasurer, upon the application of the holder, takes substantially the same steps as those which are, or may be, taken under the other acts discussed herein and in the *Bekins* case. Briefly, the property is sold and, unless redeemed within twelve months, a deed is executed conveying to the grantee the absolute title to the lands, free of all encumbrances except the lien for state, county, and municipal taxes (§§ 34 to 42, incl.).

We are of the opinion, and hold, that bonds issued under the above acts are not "obligations of a political subdivision of a State or Territory" within the purview of section 22 (b) (4) of the Revenue Act of 1934. It follows that the respondent did not err in including in petitioner's gross income for the year 1935 the interest received on such bonds.

Reviewed by the Board.

*Judgment will be entered for the respondent.*