SUSANNA BIXBY BRYANT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 110052.   Promulgated September 29, 1943.

*Wellman P. Thayer, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

*Wellman P. Thayer, Esq.*, for the petitioner.
*Byron M. Coon, Esq.*, for the respondent.

## OPINION.

Turner, *Judge:* The respondent determined a deficiency of $4,-056.44 in the petitioner's income tax for 1939. The issues presented are the correctness of the respondent's action (1) in disallowing a deduction of $2,127.94 taken for charitable contributions; (2) in including in taxable income $136.02 representing the sum received by the petitioner as bonuses or premiums upon the redemption, prior to the date of maturity, of certain municipal bonds owned by her; and (3) in including in taxable income $971.02 received by petitioner on certain municipal bonds owned by her and representing sums designated penalties for the debtor's default in the payment of installments of principal or interest at maturity. The respondent concedes error as to issue No. (1). As an alternative issue to be considered in event it is held that the amount involved in issue No. (2) constituted taxable income, the petitioner alleges that the said amount is capital gain and not ordinary income, as was determined by respondent.

The proceeding was submitted upon the pleadings, a stipulation of facts, and certain documentary evidence and there is no controversy as to the facts.

The petitioner is a resident of San Marino, California, and filed her income tax return for 1939 with the collector for the sixth district of California.

During 1939 the petitioner was the owner of certain bonds issued by the City of Los Angeles and the County of Los Angeles in the State of California. The bonds were issued under acts of the legislature of that state as follows: Improvement Act approved February 27, 1893. Improvement Act approved April 7, 1911. Improvement Act approved June 16, 1913, and Improvement Act approved June 3, 1921. The bonds were issued in payment for public improvements.

The amount of each particular bond represented the unpaid portion of a special assessment made against a specified parcel of land and, with accrued interest, constituted a first lien on the land. The bonds were for a specified term of years, with aliquot portions of principal to be retired each year. They bore interest at the rate of 7 percent per annum, payable semiannually. While the bonds provided for the payment of interest and aliquot portions of principal by the treasurer of the city or county, as the case might be, said payments were not to be liabilities of the city or county or officers thereof, but were to be paid exclusively from funds collected for such purpose by the city or county from the owners of the parcels of land specified in the respective bonds. The bonds provided that in event default should be made in the annual payment upon the principal or in any payment of interest by the owner of said parcel of land or by anyone in his behalf, the holder of the bond would be entitled to declare the whole unpaid amount to be due and payable and to have the parcel of land advertised and sold forthwith. In addition, the bonds issued under the improvement acts approved April 7, 1911, and June 3, 1921, provided that in case of such default, there should be immediately added to such defaulted amount 5 percent of the amount thereof and on the first day of each month following the default there should be added a further penalty of one percent of such defaulted amount; that the city or county, as the case might be, should be entitled to one-half the penalty first imposed, namely, 2½ percent, and the other 2½ percent and all subsequent penalties should be paid to the holder of the bond along with and as a part of such defaulted payment. The bonds issued under the improvement acts approved April 7, 1911, and June 3, 1921, provided that they might be redeemed by the owner of the parcel of land specified therein, or by any person interested in the land, at any time before maturity and before commencement of proceedings for sale, by payment to the city or county treasurer, as the case might be, for the holder of the bond of the amount then unpaid on the principal sum thereof, with interest thereon calculated up to the date of the next maturing interest coupon, and all penalties accrued and unpaid, together with interest for six months at the rate specified in the bond.

During 1939 the petitioner received $136.02 as premiums, computed as above stated, upon certain bonds owned by her and redeemed prior to the date of maturity and received $971.07 as penalties on bonds owned by her on which defaults in payment of income and principal had been made. In determining the deficiency the respondent included both of said amounts in petitioner's taxable income.

The bonds involved in this proceeding are identical with the bonds involved in *Susanna Bixby Bryant*. 38 B. T. A. 618; reversed (C. C. A., 9th Cir.), 111 Fed. (2d) 9, wherein certain questions relating

to this petitioner's income tax liability for 1935 were litigated. The petitioner has pleaded and contends that the respondent erred in including in her taxable income the amounts of $136.02 and $971.07 received by her as premiums and penalties as set forth above, for the reason that the question of the exemption of said amounts from tax has been rendered *res judicata* by the above mentioned decision of the Circuit Court of Appeals in the proceeding relating to her tax liability for 1935.

In his determination of the petitioner's tax liability for 1935, which liability was the subject of the proceeding reported at 38 B. T. A. 618, *supra*, the respondent increased the petitioner's taxable income by $18,130.14, as interest received on bonds issued in the name of a municipality or county but not exempt from Federal income tax. The Board in its opinion stated that the "only adjustment in controversy is the addition to taxable income of the amount of $18,130.14 representing interest received on improvement bonds issued by the City of Los Angeles and the County of Los Angeles, California, which the petitioner claims is exempt from taxation under section 22 (b) (4) of the Revenue Act of 1934."

As set out in a stipulation of facts filed in the instant proceeding, the parties filed in the prior proceeding a stipulation of facts which recited that the $18,130.14 represented "interest received on the following bonds issued by the City of Los Angeles, and County of Los Angeles, in the State of California":

| | |
|---|--:|
| From bonds issued under the Improvement Act approved February 27, 1893 (Stats. 1893, p. 33) | $679.46 |
| From bonds issued under the Improvement Act approved April 7, 1911 (Stats. 1911, p. 730) | 14,504.61 |
| From bonds issued under Improvement Act approved June 16, 1913 (Stats. 1913, p. 954) | 125.25 |
| From bonds issued under Improvement Act approved June 3, 1921 (Stats. 1921, p. 1658) | 4,523.40 |
| Total _____[*sic*] | $19,932.72 |
| Add: Bonus on overpayments and penalties | 1,486.20 |
| Unallocated interest | 12.76 |
| | 21,331.68 |
| Less: Service fees, costs of audits, etc | 3,201.54 |
| Net amount received by petitioner | $18,130.14 |

The foregoing table was set out in the Board's opinion substantially as above. The stipulation in the former proceeding did not explain the item "Bonus on overpayments and penalties . . . $1,486.20," or otherwise indicate that it was not to be regarded as interest. In the stipulation filed in the instant proceeding, we are informed for the first time that the phrase "Bonus on overpayments" referred to

premiums received upon redemption of improvement bonds prior to maturity, and that the word "penalties" referred to amounts collected by reason of default in the payment of principal or interest on improvement bonds. On the issue and facts presented, the Board held that the bonds from which the $18,130.14 was received were not obligations of a political subdivision of a state or territory within the purview of section 22 (b) of the Revenue Act of 1934, *supra*, and that the "respondent did not err in including in petitioner's gross income for the year 1935 the interest received on such bonds."

An examination of the opinion of the Circuit Court of Appeals discloses that the question before that court was the correctness of the board's decision "that interest paid her [petitioner] during the year 1935 on street improvement bonds issued to obtain street improvements in the city of Los Angeles and in the county of Los Angeles was not 'Tax-Free * * * Interest upon (A) the obligations of a State. * * *, or any political subdivision thereof, * * *' made exempt from the Federal income tax by section 22 (b) (4) of the Revenue Act of 1934." The court held that the Board had erred in sustaining the respondent's inclusion of the bond interest in petitioner's taxable income and reversed its decision.

In view of the foregoing, it is obvious that neither the Board nor the Circuit Court of Appeals was informed as to the character of the item "Bonus on overpayments and penalties," and that, since the amount of the item was represented to be interest from the improvement bonds. neither of the tribunals was called upon to consider or to decide the character of the item or whether the amount thereof was to be accorded treatment different from that accorded to the balance of the $18,130.14 in controversy. No mention whatever was made in the opinion of the Circuit Court of Appeals of "Bonus on overpayments and penalties" or of premiums or of penalties.

In considering the question of *res judicata* in *Cromwell* v. *County of Sac*, 94 U. S. 351, 353, the Supreme Court said:

> But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered. In all cases, therefore, where it is sought to apply the estoppel of a judgment rendered upon one cause of action to the matters arising in a suit upon a different cause of action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined. Only upon such matters is the judgment conclusive in another action.

Also see *Last Chance Mining Co.* v. *Tyler Mining Co.*, 157 U. S. 683, and *New Orleans* v. *Citizens' Bank*, 167 U. S. 371, where the Supreme Court restated the same rule. Since the question actually litigated and determined in the petitioner's prior proceeding was whether in-

terest from certain improvement bonds was exempt from tax, and the question presented in the instant proceeding is whether premiums and penalties received on identical bonds are exempt from tax and is one which might have been litigated and determined in the prior proceeding but which was not so litigated and determined, we are of the opinion that the decision of the Circuit Court of Appeals in the prior proceeding is not *res judicata*. Accordingly, the petitioner's plea is denied.

Under our decision in *District Bond Co.*, 1 T. C. 837, the amounts of premiums and penalties included by the respondent in the petitioner's taxable income for 1939 are not interest within the tax-exempting provisions of section 22 (b) (4) of the Internal Revenue Code. On brief, the petitioner concedes that to be true, but contends that the decision is erroneous and relies on the arguments made in the dissenting opinion in that case. Those arguments were considered and rejected in reaching the Court's decision, and we accordingly hold that the respondent did not err in determining that the said amounts constituted taxable income.

Since we hold that the amount of premiums received by petitioner on the redemption of bonds constituted taxable income, it becomes necessary to consider the petitioner's alternative issue, namely, whether said amount was taxable at capital gain rates instead of as ordinary income as was determined by respondent. On authority of *District Bond Co.*, *supra*, we hold that said amount was taxable at capital gain rates.

*Decision will be entered under Rule 50.*